James P. Taylor
ACLU of Montana Foundation
P.O. Box 9138
Missoula, MT 59807
Telephone: (406) 443-8590, Ext. 3055
Email: jimt@aclumontana.org

Jon Ellingson
141 North Ave. E
Missoula, MT 59801
Telephone: (406) 546-9084
Email: jonelling@gmail.com

M. Laughlin McDonald
ACLU Foundation, Inc.
2700 International Tower
229 Peachtree St.
Atlanta, Ga. 30303
Telephone: (404) 500-1235
Email: LMcDonald@aclu.org

ATTORNEYS FOR THE PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

_____

| | |
|---|---|
| RONALD JACKSON, RUTH JACKSON, ROBERT MANNING, PATRICIA McGESHICK, LAWRENCE WETSIT, LANETTE M. CLARK, and BILL WHITEHEAD, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |

1

| | |
|---|---|
| v. ) | |
| ) | |
| THE BOARD OF TRUSTEES OF WOLF ) | |
| POINT, MONTANA, SCHOOL DISTRICT ) | |
| NO. 45-45A; MARTIN DEWITT, TRACY ) | PLAINTIFFS AMENDED |
| JUVE-MIRANDA, GLENN STRADER, ) | COMPLAINT |
| JANICE WEMMER-KEGLEY, ) | |
| JARONN BOYSUN, BRENT NYGARD ) | |
| and ED BACH in their official ) | |
| capacities as members of the Board of ) | |
| Trustees of Wolf Point School District No. ) | |
| 45-45A; NAOMI ERICKSON, in her ) | |
| official capacity as School District Clerk and) | |
| Election Administrator, and PAT STENNES ) | |
| in her official capacity as County ) | |
| Superintendent of Schools for Roosevelt ) | |
| County, ) | |

    Defendants

_____

## NATURE OF THE CASE

1. This is an action brought under 42 U.S.C. § 1983 to enforce rights guaranteed to Plaintiffs by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and Section 2 of the Voting Rights Act, 42 U.S.C. § 1973. Plaintiffs seek declaratory and injunctive relief against further use of the existing districts for the Wolf Point, Montana, High School District 45A on the grounds that they are malapportioned in violation of one person, one vote and deprive American Indians of the equal right to participate in the political process and elect representatives of their choice. Plaintiffs further

2

seek a court ordered plan that remedies the existing malapportionment and complies with Section 2 of the Voting Rights Act, and subjects the School District to the preclearance requirements of Section 5 of the Voting Rights, 42 U.S.C. § 1973c, as provided by Section 3(c) of the Voting Rights Act, 42 U.S.C. § 1973a(c), so that the upcoming and future elections can go forward in a timely and lawful manner.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this case pursuant to Article III of the Constitution of the United States and 28 U.S.C. §§ 1331, and 1343(a)(3) & (4).

3. This suit is authorized by 42 U.S.C. § 1988.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiffs Ronald Jackson, Ruth Jackson, Robert Manning, Patricia McGeshick, Lawrence Wetsit, Lanette M. Clark, and Bill Whitehead are residents and registered voters of Wolf Point, Montana, and reside in High School District 45A which is malapportioned on the basis of population. Plaintiffs are underrepresented, and will be affected by any court ordered redistricting.

7. All Plaintiffs are American Indians and enrolled members of an Indian Tribe.

8. Defendant Board of Trustees of Wolf Point School District 45-45A is a political subdivision of the State of Montana and as such is a corporate body under Montana law subject to suit.

9. Defendants Martin Dewitt, Tracy Juve-Miranda, Glenn Strader, Janice Wemmer-Kegley, and Jaronn Boysun, Brent Nygard and Ed Bach are members of the Board of Trustees of Wolf Point School District 45-45A. The Board of Trustees has the responsibility to plan and direct public education in District 45-45A, and calls and conducts elections for the Board of Trustees. §§ 20-3-306 & 324, MCA; Wolf Point School District, 1000 Series, The Board of Trustees, §§ 1000 & 1111. The Defendant members of the Board of Trustees are sued in their official capacities.

10. Defendant Naomi Erickson is the Wolf Point School District Clerk and the Election Administrator for School District 45-45A. She has general supervisory authority over elections for the Board of Trustees. She is sued in her official capacity.

11. Defendant Pat Stennes is the County Superintendent of Schools for Roosevelt County. The County Superintendent of Schools is responsible under MCA §§ 20-3-205, 20-3-351 and 20-3-352 for determining the number of representatives from an elementary school district to be included in a combined district for a high school, as when Elementary District 45 was merged with

Elementary School District 3 in the creation of High School District 45A. Defendant Pat Stennes is sued in her official capacity.

12.  The Defendants, both personally and through the conduct of their agents, servants and employees, were and are acting under color of state law at all times relevant to this action.

## FACTS

13.  Wolf Point High School District 45A unites District 3 with District 45. District 45A has five trustees elected from District 45 plus three trustees elected from District 3. All of District 45A is located within the Fort Peck Indian Reservation.

14.  Elections for the Board of Trustees of District 45A are non-partisan.

15.  The Board of Trustees is the governing body for District 45A, and as such, its members are required to be elected in conformity with the Fourteenth Amendment of the Constitution of the United States.

16.  The County Superintendent of Schools is required to act in conformity with the Fourteenth Amendment of the Constitution of the United States in carrying out her duties, which include determining the number of trustees to be included from an elementary school in a high school district.  The decision to create a malapportioned district, and the failure to correct that malapportionment, violates the legal duties of the County Superintendent.

17. Based upon the 2010 Census, the total population of District 45A is 4,635. The ideal population for a district electing one member of the Board of Trustees would be 579.375 (4,635 ÷ 8 = 579.375).

18. The ideal population for District 3, which elects three members of the Board of Trustees, would be 1,738 (579.375 x 3 = 1,738). Under the existing plan, however, District 3 has a population of only 430. The population deviation is -1,307 and the percentage deviation from ideal district size is -75.24%.

19. The ideal population for District 45, which elects five members of the Board of Trustees, would be 2,897 (579.375 x 5 = 2,897). Under the existing plan, however, District 45 has a population of 4,205. The population deviation is +1,310 and the percentage deviation from ideal district size is + 45.25%.

20. The total deviation from ideal district size of District 45A is 120.49% (75.24% + 45.25% = 120.49%).

21. The populations and deviations of the districts are summarized below:

| District | No. of Seats | Actual Pop. | Ideal Pop. | Pop. Deviation | % Deviation |
|---|---|---|---|---|---|
| 3 | 3 | 430 | 1,738 | -1,307 | -75.24 |
| 45 | 5 | 4,205 | 2,897 | +1,310 | +45.25 |
| | | | Total deviation: | | ±120.49 |

22. All plaintiffs are residents of District 45, which is overpopulated compared to District 3.

23. Aside from population deviations, the districting plan for District 45A has an adverse impact on American Indians. District 45 contains 2,514 American Indians, 59.79% of the total district population. District 3 contains 256 whites, 59.53% of the total district population. The voting strength of American Indian residents of District 45, which elects five members of the Board of Trustees, is diluted compared to the white residents of District 3, which elects three members of the Board of Trustees.

24. Upon information and belief, none of the members of the Board of Trustees are enrolled members of an Indian Tribe.

25. The Board of Trustees has the duty under state and federal law to redraw the districts for District 45A every ten years based upon a true and correct enumeration of District 45A's population.

26. Elections for the Board of Trustees of District 45A take place in May of each year. Candidates seeking to participate in an election must file their notice of candidacy 40 days before the regular school election day.

27. Despite having had an adequate opportunity to do so, both the Board of Trustees and the County Superintendent have failed to redistrict the existing districts for District 45A.

28. Elections for the Board of Trustees of District 45A will be held under the existing malapportioned plan unless enjoined by this Court.

29. Section 3(c) of the Voting Rights Act, known as the "bail-in" provision, provides that if "the court finds that violations of the fourteenth or fifteenth amendments justifying equitable relief have occurred within" a non-covered jurisdiction it may subject it to preclearance under Section 5 of the Voting Rights Act "for such period as it may deem appropriate." Section 5 prohibits the use by covered jurisdictions of voting practices or procedures that have a discriminatory purpose or effect. In order to ensure that Elections for the Board of Trustees do not continue to dilute the voting strength of Americans Indians, future redistricting plans and other voting practices and procedures adopted by the Board of Trustees should be precleared under Section 5 before they can be implemented.

## CLAIM ONE

30. Further use by Defendants of the existing malapportioned districts for the Board of Trustees of District 45A would violate rights guaranteed to Plaintiffs by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

## CLAIM TWO

31. Further use by Defendants of the existing malapportioned districts for the Board of Trustees of District 45A would violate Section 2 of the Voting Rights Act.

RELIEF

32. A real and actual controversy exists between the parties.

33. Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

34. Plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, Plaintiffs respectfully pray that this Court:

(1) take original jurisdiction over this case;

(2) enter a declaratory judgment that further use by Defendants of the existing districts for the Board of Trustees of District 45A violates rights guaranteed to Plaintiffs by the Fourteenth Amendment of the Constitution of the United States and Section 2 of the Voting Rights Act;

(3) enter a permanent injunction prohibiting any further use of the existing districts for the Board of Trustees of District 45A;

(4) commence proceedings to draft and implement a new redistricting plan in time for the next elections that complies with one person, one vote and Section 2 of the Voting Rights Act;

(5)     enter an injunction pursuant to Section 3(c) of the Voting Rights Act requiring Defendants to submit for preclearance under Section 5 of the Voting Rights Act any redistricting plan for District 45A adopted following the 2020 census, as well as any changes in its voting practices or procedures.

(6)     award Plaintiffs the costs of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973$l$(e); and,

(7)     retain jurisdiction of this action and grant Plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for the Board of Trustees of District 45A.

Dated this 13th day of November, 2013.

Respectfully submitted,

/s/  James P. Taylor

_____
JAMES P. TAYLOR
ACLU of Montana Foundation
P.O. Box 9138
Missoula, MT 59802
406-443-8590 ex. 3055

/s/ Jon Ellingson

_____
 JON ELLINGSON
141 North Ave. E
Missoula, MT 59801

Telephone: (406) 546-9084
Email: jonelling@gmail.com


/s/  M. Laughlin McDonald

_____
M. Laughlin McDonald
ACLU Foundation, Inc.
2700 International Tower
229 Peachtree St., NE
Atlanta, Ga. 30303
Telephone: (404) 500-1235
Fax: (404) 565-2886
Email: LMcDonald@aclu.org


**CERTIFICATE OF SERVICE**

I, James P. Taylor, hereby certify on November 13, 2013, I electronically filed the foregoing Plaintiffs Amended Complaint with the Clerk of Courts for the United States District Court for the District of Montana by using the CM/ECF system which automatically sends email notification of such filing to all the attorneys of record.

/s/ James P. Taylor

_____
JAMES P. TAYLOR
ACLU of Montana Foundation
P. O. Box 9138
Missoula, MT 59807
(406) 443-8590
Email; jimt@aclumontana.org

Attorney for Plaintiffs

11