IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RONALD JACKSON, et al., <br><br> Plaintiffs, <br> vs. <br><br> THE BOARD OF TRUSTEES OF WOLF POINT, MONTANA, SCHOOL DISTRICT NO. 45-45A, et al., <br><br> Defendants. | Cause No. CV-13-65-GF-BMM-RKS <br><br><br> CONSENT DECREE |

CONSENT DECREE

The complaint alleges that the existing apportionment plan for the Board of Trustees of Wolf Point School District No. 45-45A is malapportioned in violation of the one person, one vote standard of the equal protection clause of the Fourteenth Amendment. Defendants have admitted the challenged plan is malapportioned, and the parties have agreed on a plan to remedy the constitutional violation. The complaint further alleges that the plan violates Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, but that claim has now been rendered moot.

## STIPULATIONS OF THE PARTIES

The parties stipulate as follows:

1. This Court has original jurisdiction over this case pursuant to Article III of the Constitution of the United States and 28 U.S.C. §§ 1331, and 1343(a)(3) & (4); this suit is authorized by 42 U.S.C. § 1988; declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202; and venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391(b).

2. Plaintiffs Ronald Jackson, Ruth Jackson, Robert Manning, Patricia McGeshick, Lawrence Wetsit, Lanette M. Clark, and Bill Whitehead are residents and registered voters of Wolf Point, Montana, and reside in High School District 45A which is malapportioned on the basis of population; and Plaintiffs are underrepresented, and will be affected by any court ordered redistricting.

3. The Defendant Board of Trustees of Wolf Point School District 45-45A is a political subdivision of the State of Montana and as such is a corporate body under Montana law subject to suit.

4. Defendants Martin Dewit, Tracey Juve-Miranda, Janice Wemmer-Kegley, and Jaronn Boysun are members of the Board of Trustees of Wolf Point School District 45-45A; the Board of Trustees has the responsibility to plan and direct public education in District 45-45A, and calls and conducts elections for

the Board of Trustees; and the Defendant members of the Board of Trustees are sued in their official capacities.

5. Defendant Cheri' Nygard is the Clerk of the Board of Trustees and is sued in her official capacity.

6. Defendant Pat Stennes is the County Superintendent of Schools for Roosevelt County; the County Superintendent of Schools is responsible under MCA §§ 20-3-351 and 20-3-352 for determining the number of representatives from an elementary school district to be included in a combined district for a high school, as when Elementary School District 45 was merged with Elementary School District 3 in the creation of High School District 45A; and Defendant Pat Stennes is sued in her official capacity.

7. Wolf Point High School District 45A unites District 3 with District 45. District 45A has five trustees elected from District 45 plus three trustees elected from District 3. All of District 45A is located within the Fort Peck Indian Reservation on Roosevelt County.

8. Elections for the Board of Trustees of District 45A are non-partisan.

9. The Board of Trustees is the governing body for District 45A, and as such, its members are required to be elected in conformity with the Fourteenth Amendment of the Constitution of the United States.

10. The County Superintendent of Schools is required to act in conformity with the Fourteenth Amendment of the Constitution of the United States in carrying out its duties, which include determining the number of trustees to be elected from an elementary school in a high school district.

11. Based upon the 2010 Census, the total population of District 45A is 4,635. The ideal population for a district electing one member of the Board of Trustees would be 579.375 (4,635 ÷ 8 = 579.375).

12. The ideal population for District 3, which elects three members of the Board of Trustees, would be 1,738 (579.375 x 3 = 1,738). Under the existing plan, however, District 3 has a population of only 430. The population deviation is -1,307 and the percentage deviation from ideal district size is -75.24%.

13. The ideal population for District 45, which elects five members of the Board of Trustees, would be 2,897 (579.375 x 5 = 2,897). Under the existing plan, however, District 45 has a population of 4,205. The population deviation is +1,308 and the percentage deviation from ideal district size is + 45.25%.

14. The total deviation from ideal district size of District 45A is +120.49% (75.24% + 45.25% = 120.49%).

15. The populations and deviations of the districts are summarized below:

| District | No. of Seats | Actual Pop. | Ideal Pop. | Pop. Deviation | % Deviation |
|---|---|---|---|---|---|

| 3 | 3 | 430 | 1,738 | -1,307 | -75.24 |
| 45 | 5 | 4,205 | 2,897 | +1,308 | +45.25 |

Total deviation: +120.49%

16. All plaintiffs are residents of District 45, which is overpopulated compared to District 3.

17. District 45 contains 2,514 American Indians, 59.79% of the total district population.

18. Elections for the Board of Trustees of District 45A take place in May of each year. Candidates seeking to participate in an election must file their notice of candidacy 40 days before the regular school election day.

19. The districts from which trustees are currently elected to the Board of Trustees of District 45A have not been redrawn by the Defendants.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3) & (4).

2. The existing apportionment plan for the Board of Trustees of Wolf Point School District No. 45-45A is malapportioned in violation of the one person, one vote standard of the equal protection clause of the Fourteenth Amendment.

3. The defendants, their agents and successors in office, and all persons

CONSENT DECREE -5

acting in concert with them, are permanently enjoined from administering, implementing or conducting future elections for the Board of Trustees of Wolf Point School District No. 45-45A under the current malapportioned plan.

    4. Plaintiffs' claim under Section 2 of the Voting Rights Act has been rendered moot.

    5. The parties have agreed to implement a remedial plan for election of the members of the Board of Trustees of Wolf Point School District No. 45-45A providing the following:

    a. For the 2014 election, 2 seats will be eliminated from District 3 and the current trustee will remain seated until the 2015 election.

    b. For the 2014 election all trustees elected will serve a 1-year term and any trustees not up for election will serve until 2015 at which time their seat becomes up for election in District 45.

    c. In 2015, the High School District 45A shall be composed of 6 trustees. One member shall be elected at-large from 45A and is limited to serve on the high school board. Five trustees shall be elected from single-member districts pursuant to a district map, agreed to by the parties, encompassing only District 45. The terms of all 6 trustee positions shall be 2 trustees to 3-year terms, 2 trustees to 2-year terms and 2 trustees to 1-year terms. The districts shall be assigned terms randomly.

Trustees elected from single member districts shall serve on the Elementary and High School Board. After the 2015 election, all trustee elections shall be for 3 year terms.

6. Maps showing the boundaries of the new 5 single-member districts and their populations are attached hereto as Exhibit A. Each trustee must reside in his or her district.

7. The boundaries of the single-member districts are reasonably compact and are not in derogation of traditional redistricting principles. The total deviation among districts is 1.54%, and therefore the districts comply with the one person, one vote requirement of federal law. *Reynolds v. Simms*, 377 U.S. 533 (1964).

8. To assure fullest participation in the elections, the defendants shall provide full public notice and disclosure to all residents of District 45A of the changes made in trustee elections.

9. Based upon its inherent equitable powers, and with the knowing and informed consent of the parties, the Court finds the agreed upon plan and schedule of elections is a fair, adequate, and full settlement of the Plaintiffs' one person, one vote claim.

10. This consent decree shall be binding upon all parties and their successors. Future redistricting required to comply with the one person, one vote

requirement shall be done in a manner that complies with the terms and intent of this consent decree, continues to provide for single member districts, and complies with MCA § 20-3-337(2)(b), which requires single member district plans to "provide equitable voting rights for the minorities within the school district by ensuring that the access of minorities to the political process is not diluted in contravention of the Voting Rights Act Amendments of 1982, Public Law 97-205."

11. Except as altered by the terms of this Order, state law shall continue to govern the method of election for the Board of Trustees and nothing in this Order shall proscribe or alter in any way the validity of any action taken by the Board of Trustees. The current Trustees shall continue to hold office until they are succeeded and during their tenure in office shall possess and exercise all powers and duties conferred upon them by state law.

12. As part of this settlement agreement, Plaintiffs have withdrawn their request that District 45A be bailed-in to coverage under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, pursuant to Section 3(c) of the Act, 42 U.S.C. § 1973a(c).

13. Pursuant to the agreement of the parties, any requests by Plaintiffs for costs and fees shall be determined by the Court.

Entered this 11th day of April, 2014.

*/s/ Brian Morris*

———————————————————
Brian Morris
United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

ATTORNEYS FOR THE PLAINTIFFS:

/S/James P. Taylor

_____

James P. Taylor
ACLU of Montana Foundation
P.O. Box 9138
Missoula, MT 59807
Telephone: (406) 443-8590
Email: JimT@aclumontana.org

/S/Jon Ellingson

_____

Jon Ellingson
141 North Ave. E
Missoula, MT 59801
Telephone: (406) 546-9084
Email: jonelling@gmail.com

/S/M. Laughlin McDonald

_____
M. Laughlin McDonald
ACLU Foundation, Inc.
2700 International Tower
229 Peachtree St., NE
Atlanta, Ga. 30303
Telephone: (404) 500-1235
Email: LMcDonald@aclu.org


ATTORNEY FOR DEFENDANT PAT STENNES:


/S/Jordan K. Knudsen

_____
Jordan K. Knudsen
Deputy Roosevelt County Attorney
Roosevelt County Attorney's Office
400 2nd Avenue South, S
Wolf Point, MT 59201
Telephone: (406) 653-6295
Email: jknudsen@rooseveltcounty.org


ATTORNEY FOR DEFENDANT BOARD OF TRUSTEES
AND DEFENDANT CHERI' NYGARD:


/S/Tony C. Koenig

_____
Tony C. Koenig
Montana School Boards Association
863 Great Northern Blvd., Suite 301
Helena, MT 59601
Telephone: (406) 442-2180
Email: tkoenig@mtsba.org